IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTONIO WHITLOW                                                                                      PLAINTIFF

v.                                           Civil No.: 6:18-CV-06034

WENDY KELLEY (Director, Arkansas                                                                    DEFENDANTS
Department of Corrections), WILLFONG
(Correctional Officer, Ouachita River Unit),
and FAUST (Warden, Ouachita River Unit)

**ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on January 23, 2018, in the Eastern District of Arkansas. (ECF No. 2). He filed an Amended Complaint on February 16, 2018. (ECF No. 4). His case was transferred to this District on April 19, 2018. (ECF No. 9). Plaintiff was granted *in forma pauperis* (IFP) status on May 11, 2018, after a deficiency in his IFP application was cured. (ECF No. 15).

Plaintiff alleges his constitutional rights were violated on April 20, 2017, while he was incarcerated in the Arkansas Department of Correction (ADC) Ouachita River Unit, RPU Section 8. (ECF No. 4 at 4). Plaintiff alleges that on this date, Defendant Willfong gave him orange juice with his breakfast. Plaintiff alleges that drinking the juice caused him to "get sick and feel faint" immediately. (*Id.*). Plaintiff alleges the juice tasted like "liquor store vodka," and he initially thought the guards were sharing their contraband vodka with him. (*Id.*). Plaintiff alleges he then thought the orange juice contained poison, because he felt hungover, he "couldn't get out of bed for two days"

1

after drinking the juice, and he could not regain his energy after bed rest. He states no other inmates became ill after drinking the orange juice that morning.

Plaintiff alleges he was then told by "many people" that Defendant Willfong had put toilet water in his orange juice. "New people" then told him Defendant Willfong had urinated directly into his orange juice. Plaintiff alleges "people" saw Defendant Willfong urinating in Plaintiff's orange juice, and Defendant Willfong confessed to doing so. (*Id*.) Plaintiff "put in a few sick call[s]" but there was no response. (*Id*.).

Plaintiff alleges he sent grievances and inmate request forms to Defendant Faust, but Defendant Faust did not respond. Plaintiff alleges Defendant Faust did not remove Defendant Willfong from Plaintiff's barracks and dayroom. This caused Plaintiff to stop eating his breakfast trays until Defendant Willfong left for a position in another facility. (*Id.*).

Plaintiff alleges he sent a letter and a grievance to Defendant Kelley, but she did not do anything to help him. (*Id*.).

Plaintiff proceeds against Defendants in their personal capacity. (*Id*. at 2). He seeks monetary damages and the criminal prosecution of Defendant Willfong. (*Id*. at 5).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient

facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Defendants Faust and Kelley

Plaintiff failed to state a plausible claim against Defendants Faust and Kelley. The Eighth Circuit has made it clear prisoners do not have a constitutional right to a prison grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (no claim when "various defendants denied his grievances or otherwise refused to help him"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (no claim when defendants failed to timely and properly respond to a grievance). Thus, a prison official's failure to properly respond to a grievance, standing alone, is not actionable under § 1983. *Id*.

Here, Plaintiff's only allegation against Defendants Faust and Kelley is that they did not respond to his grievances and did nothing to help him. As there is no constitutional right to either a grievance procedure or a grievance response, Plaintiff failed to state a plausible claim against Defendants Faust and Kelley.

Further, the mere receipt of a letter or grievance after an isolated incident has occurred is not sufficient to create a claim of supervisory liability. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support

3

liability"). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006). Claims based solely on a supervisor's after-the-fact participation in reviewing grievances or appeals are "generally an insufficient basis to establish 'personal knowledge' for purposes of § 1983." *Rosa-Diaz v. Dow*, 683 Fed. App'x 103, 107 (3rd Cir. 2017); *see also White v. Farrier* 849 F.2d 322, 327 (8th Cir. 1988) (warden's receipt of memos and grievances demanding medical treatment did not in and of itself establish warden's supervisory liability for denial of medical care); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

### B. Lack of Response to Sick Calls

Plaintiff's sole allegation concerning his medical care for this incident is that he "put in a few sick call[s]" and did not get a response. Plaintiff did not allege that any of the named Defendants in this case were responsible for providing medical care or for responding to medical requests. *See Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) ("if any claim of medical indifference . . . is to succeed, it must be brought against the individual directly responsible for [Plaintiff's] medical care.") He therefore failed to state a plausible claim of medical indifference against any Defendant in this case.

### C. Defendant Willfong

Plaintiff alleges Defendant Willfong urinated in his orange juice before serving it to him, confessed to doing so, and Plaintiff became ill after consuming the juice. These allegations state a plausible claim sufficient to survive preservice screening. *See e.g. Divers v. Dep't of Corrections*, 921 F.2d 191, 193 (8th Cir. 1990) (per curiam) (allegations which included statement that insufficient

4

amounts of cold unappetizing food prepared from a restricted menu was delivered through unsanitary food slots in their cell doors was sufficient to survive dismissal as legally frivolous); *Day v. Norris*, 219 Fed. App'x 608, 610 (8th Cir. 2007) (allegations which included statements that food was of insufficient quantity, "often rotten," and food service workers did not wash hands and purposefully placed their bodily fluids into the food stated a sufficient claim to survive dismissal prior to service).

While Plaintiff only alleges Willfong urinated in his juice once, the purposeful addition of another individual's bodily fluids into his juice, if true, would create an immediate danger to his health and well-being. Plaintiff further alleges he became ill after consuming the juice. He therefore stated a plausible claim sufficient to survive preservice screening.

### IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claim against Defendants for the denial of medical care is DISMISSED WITHOUT PREJUDICE. His claims against Defendant Faust and Kelley are also DISMISSED WITHOUT PREJUDICE. Plaintiff's claim against Defendant Willfong remains for further consideration. Service will be addressed by separate order.

IT IS SO ORDERED this 6th day of August 2018.

*/s/ P. K. Holmes, III*
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE