IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTONIO WHITLOW     PLAINTIFF

v.     Civil No. 6:18-CV-06034

WILLFONG (Correctional Officer, ORCU)     DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendant's Motion for Summary Judgment. (ECF Nos. 24, 25, 26).

### I. BACKGROUND

Plaintiff filed his Complaint on January 23, 2018, in the Eastern District of Arkansas. (ECF No. 2). He filed an Amended Complaint on February 16, 2018. (ECF No. 4). His case was transferred to this District on April 19, 2018. (ECF No. 9). Plaintiff was granted *in forma pauperis* (IFP) status on May 11, 2018, after a deficiency in his IFP application was cured. (ECF No. 15).

Plaintiff alleges his constitutional rights were violated on April 20, 2017, while he was incarcerated in the Arkansas Department of Correction (ADC) Ouachita River Unit, RPU Section Eight. (ECF No. 4 at 4). Plaintiff alleges that on this date, Defendant Willfong gave him orange juice with his breakfast. Plaintiff alleges that drinking the juice caused him to "get sick and feel faint" immediately. (*Id*.). Plaintiff alleges the juice tasted like "liquor store vodka," and he initially thought the guards were sharing their contraband vodka with him. (*Id*.). Plaintiff alleges he then

1

thought the orange juice contained poison, because he felt hungover, he "couldn't get out of bed for two days" after drinking the juice, and he could not regain his energy after bed rest. He states no other inmates became ill after drinking the orange juice that morning.

Plaintiff alleges he was then told by "many people" that Defendant Willfong had put toilet water in his orange juice. "New people" then told him Defendant Willfong had urinated directly into his orange juice. Plaintiff alleges "people" saw Defendant Willfong urinating in Plaintiff's orange juice, and Defendant Willfong confessed to doing so. (*Id*.) Plaintiff "put in a few sick call[s]" but there was no response. (*Id*.).

Plaintiff alleges he sent grievances and inmate request forms to Defendant Faust, but Defendant Faust did not respond. Plaintiff alleges Defendant Faust did not remove Defendant Willfong from Plaintiff's barracks and dayroom. This caused Plaintiff to stop eating his breakfast trays until Defendant Willfong left for a position in another facility. (*Id.*).

Plaintiff alleges he sent a letter and a grievance to Defendant Kelley, but she did not do anything to help him. (*Id*.).

Plaintiff proceeds against Defendants in their personal capacity. (*Id*. at 2). He seeks monetary damages and the criminal prosecution of Defendant Willfong. (*Id*. at 5).

Plaintiff's claims against Defendants Kelley and Faust were dismissed pursuant to PLRA screening on August 6, 2018. (ECF No. 18). The sole remaining claim is that against Defendant Willfong for allegedly adulterating his orange juice. (*Id*. at 5).

Defendant Willfong filed his Motion for Summary Judgment on September 6, 2018. (ECF No. 24). On September 7, 2018, the Court entered an Order directing Plaintiff to file his Response to the Motion by September 28, 2018. (ECF No. 28). To date, Plaintiff has not provided a Response, and has not otherwise communicated with the Court.

In the Order directing him to Respond to the Summary Judgment Motion (ECF No. 28), Plaintiff was advised that failure to comply with the Court's Order would result in: (a) all of the facts set forth by the Defendants in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c) and (b) shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2).

The Court must consider the facts set forth in Plaintiff's verified Complaint in ruling on the Summary Judgment Motion. A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994-95 (8th Cir. 2001).

As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion. *Id.* The Court will "piece[] together [Plaintiff's] version of the facts from the verified complaint. . . ." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016). Those portions of the Defendants' statement of material facts that do not conflict with Plaintiff's verified complaint are deemed admitted. *Id*.

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a

genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "Conclusory, non-specific statements in an affidavit or verified complaint" are also insufficient. *McLanahan*, 2016 WL 520983, at *6 (citing *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In this case, the facts set forth by the Defendants are deemed admitted except to the extent contradicted by the verified complaint. The question is whether given the facts as pieced together by the Court, there are genuine issues of material fact as to whether Plaintiff's constitutional rights were violated.

### III. ANALYSIS

Defendant Willfong argues summary judgment in his favor is appropriate for two reasons: (1) Plaintiff failed to exhaust his administrative remedies concerning the alleged orange juice incident on April 20, 2018; and (2) records indicate Defendant Willfong was not at work on April 20, 2018, and therefore could not have adulterated Plaintiff's orange juice. (ECF No. 26 at 2-3).

Plaintiff provided a one-page attachment to his verified Complaint entitled "Exhausted Remedies." (ECF No. 4 at 6). He states that unnamed investigators already know and have

4

verified that ADC sergeants and staff restricted his legal mail to prevent him from having success with his freeworld charge. This prevented him from being able to contact ADC Director Wendy Kelley directly by letter or by phone. (*Id.*). He then states these same investigators reported that he did send a letter and grievance to Director Kelley but she did not do anything to help him. Finally, Plaintiff states the unnamed investigators have already given this information to various news stations and "Arkansans." (*Id.*).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted). The "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

Defendant Willfong states Plaintiff did not file a grievance about the alleged April 20, 2017 orange juice incident until August 15, 2017 – well past the ADC's fifteen-day deadline for filing a grievance. (ECF No. 26 at 3). His grievance was therefore rejected as untimely. They further state that Plaintiff did not place any sick calls or file any medical grievances about the incident. (*Id.*). Defendant further notes the ADC grievance policy process requires an inmate to first file an Informal Resolution form within fifteen days of the incident to be grieved by presenting it directly

5

to a designated unit problem-solver or other staff member above the rank of sergeant. If the inmate is not satisfied with the response to the Informal Resolution, he may then submit the Informal Resolution form as a Formal Grievance. (ECF No. 25 at 3). Nothing in the written policy permits an inmate to initiate the ADC Grievance Process by calling the ADC Director, writing a letter to the ADC Director, mailing a grievance form to the ADC Director, talking to unnamed "investigators," or having those "investigators" submit information to news stations and the general public of Arkansas. (*See* ECF No. 25-4).

Thus, nothing in Plaintiff's verified Complaint contradicts Defendants' assertion that he failed to exhaust his administrative remedies concerning the alleged orange juice incident. Defendant's Statements of Fact regarding Plaintiff's failure to exhaust his administrative remedies are therefore deemed admitted, and Defendant Willfong is entitled to summary judgment in his favor.

## IV. CONCLUSION

Accordingly, I recommend that Defendant Willfong's Motion for Summary Judgment (ECF No. 24) be GRANTED and Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **26th day of June 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE